**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 7

DANIEL P. DIMARINO,                                  Case No.: 16-22231 (RDD)

                Debtor.
------------------------------------------------------------x

**APPLICATION OF THE CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY JP MORGAN CHASE BANK, N.A. D/B/A CHASE BANK**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Marianne T. O'Toole, the Chapter 7 Trustee (the "Trustee") of the estate of Daniel P. DiMarino (the "Debtor"), by her undersigned counsel, submits this application (the "Application") seeking entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of certain records, documents and electronic files that are in the possession, custody or control of JP Morgan Chase Bank, N.A. d/b/a Chase Bank ("Chase"), and respectfully set forth and represent and follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

    1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The statutory predicates for the relief sought in this Application include Bankruptcy Rule 2004 and 11 U.S.C. § 704(a) (the "Bankruptcy Code").

**BACKGROUND**

3. On February 24, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4. By Order dated December 9, 2016 [Dkt. No. 56], the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.

5. By Notice of Appointment dated December 12, 2016 [Dkt. No. 57], Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T. O'Toole is the permanent Chapter 7 Trustee of the Debtor's estate.

6. According to the Debtor's Schedule A/B, the Debtor maintained two accounts at "Chase" as of the Petition Date with non-debtors Vito and Angelo DiMarino and Linda Lucadama (the "Accounts").

7. To perform her investigation into the Debtor's financial affairs, the Trustee requires documents and information relating to, inter alia, the Debtor's personal property assets. Prior to filing this Application, the Trustee, through her counsel, requested documents and information from the Debtor, including bank statements relating to the Accounts. To date, the Debtor has not turned over any such bank statements.

8. To fulfill her statutory duties, the Trustee requires additional documents and information from Chase. Discovery from Chase will provide critical details into assets of the Debtor's estate and is in the best interests of this estate and its creditors.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

9. This Application is made pursuant to Bankruptcy Rule 2004 for entry of an Order directing the production of records and documents by Chase which are particularly set forth in the proposed order annexed to this Application as Exhibit A (the "Proposed Order").

10. The duties of the Trustee, as set forth in Bankruptcy Code § 704(a), include, among other things: (a) collecting and reducing to money the property of the Debtor's estate; (b) being accountable for all property received; (c) investigating the financial affairs of the Debtor; and (d) making a final report and filing a final account of the administration of the estate with the court and with the United States trustee. See 11 U.S.C. § 704(a).

11. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. CHASE of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

12. As of the Petition Date, the Debtor maintained the Accounts. To complete her fiduciary duties, the Trustee requires documents and information relating to the Accounts, including bank statements and cancelled checks for the two-year period prior to the Petition Date through the end of 2016. Demand was made for the turnover of such documents from the Debtor but, to date, the Debtor has failed to comply. Accordingly, the Trustee respectfully requests an Order directing Chase to produce the records, documents and electronic files relating to the Accounts as more fully set forth in the Proposed Order.

13. Under the Proposed Order, responsive documents are to be turned over to the Trustee's undersigned counsel by the date set forth in the subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004 (the "<u>Subpoena</u>"). The Subpoena will provide Chase not less than fourteen (14) days from service of the Subpoena for the production of the records, documents and electronic files requested in the Proposed Order.

14. Furthermore, the Trustee respectfully requests that service of the Subpoena and the Proposed Order, in accordance with Federal Rule of Civil Procedure 45, by certified mail, return receipt requested, upon Chase at its business address be deemed good and proper service of the Proposed Order and Subpoena.

15. The Trustee has not previously filed an application for the relief requested herein to this or any other Court.

16. By virtue of the foregoing, the Trustee respectfully submits that she is entitled to the relief requested herein.

4

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order directing Chase to produce the records, documents and electronic files described therein and granting such other, further, and different relief as the Court deems just and proper.

Dated: January 10, 2018
       Wantagh, New York          **LaMONICA HERBST & MANISCALCO, LLP**
                                           Counsel to the Chapter 7 Trustee

                           By:    *s/ Holly R. Holecek*
                                   Holly R. Holecek, Esq.
                                   3305 Jerusalem Avenue, Suite 201
                                   Wantagh, New York 11793
                                   Telephone: (516) 826-6500